UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          Case No: 6:18-02554
                                                Chapter 13

Toya Clark
            Debtor.
_____/

---

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801and serve a copy on the movant's attorney, The Orlando Law Group, 12301 Lake Underhill rd. Suite 213, Orlando, FL 32828.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

### MOTION FOR
### APPROVAL OF PERMANENT MORTGAGE MODIFICATION AGREEMENT
(634 Old Pine Ct. Sanford FL, 32773 loan # 4751)

Come now the Debtor, by and through Counsel undersigned, and file this Motion for Approval of Permanent Mortgage Modification Agreement, and in support thereof would state as follows:

1.      The Debtor had sought a mortgage modification with Bank of America c/o Carrington Mortgage Services.

2.      Carrington Mortgage Services has offered the Debtors a loan modification and the Debtor have accepted the terms, as set forth in the attached Permeant Modification Agreement.

3. The modified payment is $647.58, of which $456.29 is principal and interest and the balance includes escrow for taxes and insurance, and shall begin on 1st day of March.

4. The "New Principal Balance" on the note is $84,997.53, of which $33,724.86 shall be deferred as a HUD PARTIAL CLAIM and shall not accrue interest or be amortized.

5. The "New Principal Balance" and any other amounts still owed according to the terms of the Modification Agreement, including the "Deferred Principal Balance", shall be due and payable in full by the earliest of 1) the sale or transfer of any of Debtor's interest in the property subject to the mortgage, 2) the date Debtor pays the entire "Interest Bearing Principal Balance", or 3) the "Maturity Date" of February 1, 2049.

6. The modification agreement should be filed in the public records of Seminole County, Florida.

7. Payments to the Chapter 13 Trustee constitute timely payments to Bank of America c/o Carrington Mortgage Services.

8. The payments should be sent to the following address: Carrington Mortgage Services, LLC Cashiering Department 2-270,1600 South Douglass Rd. Ste 110 & 200-A, Anaheim, CA 92806.

9. The Debtor requests that the Trustee shall treat the order granting this Motion as a Mortgage Payment Change Notice and update the plan payments accordingly.

WHEREFORE, Debtors request this Honorable Court for its Order to Approve the Modification Agreement, to order that payments to the Chapter 13 Trustee constitute

timely payments to Bank of America c/o Carrington Mortgage Services, and grant such other relief that may be deemed just and proper in the circumstances.

Florida Bar No.: 92295
E-mail: *sdean@theorlandolawgroup.com*
**The Orlando Law Group**
12301 Lake Underhill rd.
Suite 213
Orlando, FL 32828
Attorney for Debtor

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been sent by either electronic transmission on the 4th Day of March, 2018, to: Laurie K. Weatherford, Trustee, PO Box 3450, Winter Park, FL 32790; Debtor Toya Clark 634 Old Pine Ct. Sandford, FL 32773, Ashley Prager Popowitz, McCalla Raymer Leibert Pierce, LLP 110 S.E. 6th Street, Suite 2400 Ft. Lauderdale, FL 33301 Attorney for Bank of America, N.A c/o Carrington Mortgage Services.

/s/ Sophia Dean
Sophia Dean, Esquire



MORTGAGE SERVICES, LLC
NMLS ID: 2600

P.O. Box 3010 | Anaheim, CA 92803

**Carrington Mortgage Services, LLC (CMS)**
**Name Affidavit**

Dear Mortgagor(s):

Carrington Mortgage Services, LLC (CMS) requires that you complete this Name Affidavit if your name has been changed since the origination of your mortgage loan and/or does not match the name as it appears directly below and within the enclosed Documents.

**A Name Affidavit is also referred to as:**
Also Known As Certificate / AKA Statement – To show variations of your name used to execute other documents
Now Known As Certificate / NKA Statement – To show a change in name due to marriage and/or divorce

**TOYA HARPER** _____
Signature

THIS IS TO CERTIFY THAT MY/OUR LEGAL SIGNATURE(S) IS/ARE AS WRITTEN AND TYPED BELOW. This signature must <u>exactly match</u> signatures on all Documents.

I, **TOYA HARPER,** certify that I am also known as:

_Toya Gilyard Harper_      _____
Print Name (Variation)                Sample Signature (Variation)

_Toya Gilyard Clarke_      _____
Print Name (Variation)                Sample Signature (Variation)

STATE OF: _Florida_

COUNTY OF: _Seminole_

Subscribed and sworn to before me this _4_ day of _March_ 20_19_, by _Toya Harper_

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Monica Yates_ _____
Notary Public

Commission No: _GG219306_

Commission Expiration: _9-16-22_

**MONICA YATES**
Commission # GG 219306
Expires September 16, 2022
Bonded Thru Budget Notary Services

Department of Health - Office of Vital Statistics

**STATE OF FLORIDA**
**MARRIAGE RECORD**
TYPE IN UPPER CASE
USE BLACK INK
This license not valid unless seal of Clerk,
Circuit or County Court, appears thereon.

(STATE FILE NUMBER)



GRANT MALOY, SEMINOLE COUNTY
CLERK OF CIRCUIT COURT & COMPTROLLER
BK 9080 Pg 1094 (1Pgs)
CLERK'S # 2018020895
RECORDED 02/22/2018 04:01:06 PM
RECORDING FEES $0.00
RECORDED BY Jackanra

18-0050 (W)

(APPLICATION NUMBER)

**APPLICATION TO MARRY**

| 1. NAME OF SPOUSE (First, Middle, Last) | | 1b. MAIDEN SURNAME (if applicable) | 2. DATE OF BIRTH (Month, Day, Year) |
|---|---|---|---|
| ANTONIO LAMAR CLARKE | | | |
| 3a. RESIDENCE - CITY, TOWN, OR LOCATION | 3b. COUNTY | 3c. STATE | 3. BIRTHPLACE (State or Foreign Country) |
| 930 LAKE DESTINY ROAD, ALTAMONTE SPRINGS | SEMINOLE | FLORIDA    32714 | FLORIDA |
| 5. NAME OF SPOUSE (First, Middle, Last) | | 5b. MAIDEN SURNAME (if applicable) | 6. DATE OF BIRTH (Month, Day, Year) |
| TOYA GILYARD HARPER | | GILYARD | |
| 7a. RESIDENCE, CITY, TOWN, OR LOCATION | 7b. COUNTY | 7c. STATE | 8. BIRTHPLACE (State or Foreign Country) |
| 634 OLD PINE COURT, SANFORD | SEMINOLE | FLORIDA    32773 | FLORIDA |

WE THE APPLICANTS NAMED IN THIS CERTIFICATE, EACH FOR HIMSELF OR HERSELF, STATE THAT THE INFORMATION PROVIDED
ON THIS RECORD IS CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF, THAT NO LEGAL OBJECTION TO THE MARRIAGE
NOR THE ISSUANCE OF A LICENSE TO AUTHORIZE SAME IS KNOWN TO US AND HEREBY APPLY FOR LICENSE TO MARRY.

| 9. SIGNATURE OF SPOUSE (Sign full name using black ink) | 10. SUBSCRIBED AND SWORN TO BEFORE ME ON (DATE) |
|---|---|
| | 02/16/2018 |
| 11. TITLE OF OFFICIAL | 12. SIGNATURE OF OFFICIAL (Use black ink) |
| DEPUTY CLERK | Kawanda Taylor |
| 13. SIGNATURE OF SPOUSE (Sign full name using black ink) | 14. SUBSCRIBED AND SWORN TO BEFORE ME ON (DATE) |
| | 02/16/2018 |
| 15. TITLE OF OFFICIAL | 16. SIGNATURE OF OFFICIAL (Use black ink) |
| DEPUTY CLERK | Kawanda Taylor |

**LICENSE TO MARRY**

AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED BY THE LAWS OF THE STATE OF FLORIDA TO PERFORM
A MARRIAGE CEREMONY WITHIN THE STATE OF FLORIDA AND TO SOLEMNIZE THE MARRIAGE OF THE ABOVE NAMED PERSONS. THIS LICENSE MUST
BE USED ON OR AFTER THE EFFECTIVE DATE AND ON OR BEFORE THE EXPIRATION DATE IN THE STATE OF FLORIDA IN ORDER TO BE RECORDED AND VALID.

| 17. COUNTY ISSUING LICENSE | 18. DATE LICENSE ISSUED | 18a. DATE LICENSE EFFECTIVE | 19. EXPIRATION DATE |
|---|---|---|---|
| SEMINOLE | 02/16/2018 | 02/16/2018 | 04/17/2018 |
| 20a. SIGNATURE OF COURT CLERK OR JUDGE | | 20b. TITLE | 20c. BY D.C. |
| GRANT MALOY, CLERK OF THE CIRCUIT COURT & COMPTROLLER | | | |
| BY: Kawanda Taylor    D.C. | | DEPUTY CLERK | KT |

**CERTIFICATE OF MARRIAGE**

I HEREBY CERTIFY THAT THE ABOVE NAMED SPOUSES WERE JOINED BY ME IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF FLORIDA.

| 21. DATE OF MARRIAGE (Month, Day, Year) | 22. CITY, TOWN, OR LOCATION OF MARRIAGE |
|---|---|
| 02/18/18 | CASSELBERRY, FLORIDA |
| 23a. SIGNATURE OF PERSON PERFORMING CEREMONY (Use black ink) | 23c. ADDRESS (Of person performing ceremony) |
| | 243 LIVE OAKS BLVD, CASSELBERRY, FL 32707 |
| 23b. NAME AND TITLE OF PERSON PERFORMING CEREMONY (Or notary stamp) | 24. SIGNATURE OF WITNESS TO CEREMONY (Use black ink) |
| PASTOR LARRY A. CARTER | |
| | 25. SIGNATURE OF WITNESS TO CEREMONY (Use black ink) |
| | Avis Williams |

SEAL

FHA Case No.: FR0945843694703

# PROMISSORY NOTE

**FEBRUARY 25, 2019**          **SANFORD**          **FLORIDA**
[Date]                                      [City]                       [State]

**634 OLD PINE CT , SANFORD, FLORIDA 32773**
[Property Address]

### 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **THIRTY-THREE THOUSAND SEVEN HUNDRED TWENTY-FOUR DOLLARS AND 86 CENTS** Dollars (U.S. $**33,724.86**), to the order of Lender.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

**(A) Time.**
On FEBRUARY 1, 2049; or, if earlier, when the first of the following events occurs:

    (i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
    (ii) The maturity date of the primary Note has been accelerated, or
    (iii) The Primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary, or
    (iv) The property is not occupied by the purchaser as his or her principal residence.

**(B) Place.**
Payment shall be made at the **Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due.

4000404751

"Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

### 8. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____
Borrower
TOYA  HARPER A/K/A TOYA GILYARD CLARKE

4000404751

This Document Prepared By:
MONICA VELA
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806
1-866-874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806

Tax/Parcel #: 13-20-30-509-0000-1780
_____ [Space Above This Line for Recording Data] _____

FHA Case No.: FR0945843694703
Loan No: 4000404751

# PARTIAL CLAIMS MORTGAGE

**This document is tax exempt due to the lender on the document is The Secretary of Housing and Urban Development, a government agency**

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **FEBRUARY 25, 2019.** The mortgagor is **TOYA HARPER N/K/A TOYA GILYARD CLARKE A MARRIED WOMAN** ("Borrower"), whose address is **634 OLD PINE CT , SANFORD, FLORIDA 32773.** This Security Instrument is given to the **Secretary of Housing and Urban Development,** whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **THIRTY-THREE THOUSAND SEVEN HUNDRED TWENTY-FOUR DOLLARS AND 86 CENTS** Dollars (U.S. **$33,724.86**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **FEBRUARY 1, 2049.**

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the **COUNTY** of **SEMINOLE,** State of **FLORIDA:**

which has the address of , **634 OLD PINE CT , SANFORD, FLORIDA 32773** (herein "Property Address");

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Carrington Custom HUD-HAMP 08072018_467

Page 1

4000404751

Tax Parcel No. **13-20-30-509-0000-1780**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of

Carrington Custom HUD-HAMP 08072018_467

4000404751

this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.    **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.    **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.

8.    **Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

9.    Borrower agrees that any costs, fees and/or expenses incurred in connection with servicing the loan that may be legally charged to the account, but have not been charged to the account as of the date the Subordinate Mortgage is given, may be charged to the account at a later date and shall be the Borrower's responsibility to pay in full.    For example, if the loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to the account as of the date the Subordinate Mortgage is given; Borrower will remain liable for any such costs, fees and/or expenses.

10.    If the Borrower is currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding without reaffirming the mortgage loan debt, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by Lender to impose personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Subordinate Mortgage. In such case, this Agreement is entered into in the ordinary course of business between the Lender and the Borrower in lieu of pursuit of interim

4000404751

relief to enforce the lien. This Agreement does not revive the Borrower's personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Subordinate Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage and Subordinate Note/Mortgage.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security
Instrument.

Borrower: **TOYA HARPER N/K/A TOYA GILYARD CLARKE**                                    3/4/19
                                                                                       Date

[Space Below This Line for Acknowledgments]

**BORROWER ACKNOWLEDGMENT**

STATE OF FLORIDA
COUNTY OF Seminole

The foregoing instrument was acknowledged before me this    3-4-19    by
TOYA HARPER N/K/A TOYA GILYARD CLARKE who is personally known to me or who has produced
FL DL                    (type of identification) as identification. H666-802-73-504-0

Monica Yates
Signature of Notary Public

Print Name: Monica Yates

MONICA YATES
Commission # GG 219306
Expires September 16, 2022
Bonded Thru Budget Notary Services

Carrington Custom HUD-HAMP 08072018_467                                    4000404751

## EXHIBIT A

BORROWER(S): TOYA HARPER N/K/A TOYA GILYARD CLARKE A MARRIED WOMAN

LOAN NUMBER: 4000404751

LEGAL DESCRIPTION:

The land referred to in this document is situated in the STATE OF FLORIDA, COUNTY OF SEMINOLE, CITY OF SANFORD, and described as follows:

LOT 178 OF PRESERVE AT EAGLE LAKE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN
PLAT BOOK 69, PAGES 68 THROUGH 79, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.

Tax/Parcel No. 13-20-30-509-0000-1780

ALSO KNOWN AS: 634 OLD PINE CT , SANFORD, FLORIDA 32773

4000404751

# EXHIBIT B
## MORTGAGE SCHEDULE

Mortgage made by **TOYA HARPER, A MARRIED WOMAN AND BERNARD HARPER JR., HER HUSBAND** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MICHIGAN MUTUAL, INC.** for **$125,672.00** and interest, dated **NOVEMBER 5, 2009** and recorded on **NOVEMBER 12, 2009** in INSTRUMENT NO. **2009128514 BOOK 07286 PAGE 1660.**

Mortgage was made by **TOYA HARPER** to BANK OF AMERICA, N.A. for **$121,991.38** and interest, dated **JANUARY 9, 2012** and recorded **JUNE 17, 2013** in INSTRUMENT NO. **2013080004 BOOK 08060 PAGE 0460.** Mortgage tax paid: **$0.00.**

4000404751

Date: **FEBRUARY 25, 2019**
Loan Number: **4000404751**
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **TOYA HARPER N/K/A TOYA GILYARD CLARKE**

Property Address: **634 OLD PINE CT , SANFORD, FLORIDA 32773**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____         _____
Borrower                                                                          Date
**TOYA HARPER N/K/A TOYA GILYARD CLARKE**

4000404751

Date: **FEBRUARY 25, 2019**
Loan Number: **4000404751**
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **TOYA HARPER N/K/A TOYA GILYARD CLARKE**

Property Address: **634 OLD PINE CT , SANFORD, FLORIDA 32773**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan, will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____          3/4/19
TOYA HARPER N/K/A TOYA GILYARD CLARKE                              Date

4000404751

This Document Prepared By:
MONICA VELA
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
ANAHEIM, CA 92806
1-866-874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA  92806

Tax/Parcel #:  13-20-30-509-0000-1780
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Original Principal Amount: $125,672.00 | Prev. Rec. Mod. Loan Amt: $121,991.38 |
| Unpaid Principal Amount: $108,265.28 | FHA/VA/RHS Case No: |
| New Principal Amount: $84,997.53 | FR0945843694703 |
| New Money (Cap): $0.00 | Loan No: 4000404751 |

## LOAN MODIFICATION AGREEMENT (MORTGAGE)

    This Loan Modification Agreement ("Agreement"), made this **25TH** day of **FEBRUARY, 2019**, between **TOYA HARPER N/K/A TOYA GILYARD CLARKE  A MARRIED WOMAN** ("Borrower"), whose address is **634 OLD PINE CT , SANFORD, FLORIDA 32773** and **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.** ("Lender"), whose address is **1600 SOUTH DOUGLASS ROAD, SUITE 200A,  ANAHEIM, CA 92806** amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **NOVEMBER 5, 2009** and recorded on **NOVEMBER 12, 2009** in **INSTRUMENT NO. 2009128514  BOOK 07286  PAGE 1660, SEMINOLE COUNTY, FLORIDA**, and (2) the Note, in the original principal amount of U.S. **$125,672.00, bearing the same date as**, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at **634 OLD PINE CT , SANFORD, FLORIDA 32773**

Carrington Custom HUD-HAMP 08072018_467

Page 1

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖4000404751

the real property described is located in **SEMINOLE COUNTY, FLORIDA** and being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

**SEE ATTACHED EXHIBIT "B" FOR MORTGAGE SCHEDULE**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **FEBRUARY 1, 2019** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$84,997.53**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$0.00** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed. **This Unpaid Principal Balance has been reduced by the HUD Partial Claim amount of $33,724.86.**

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.0000%**, from **FEBRUARY 1, 2019**. The yearly rate of **5.0000%** will remain in effect until principal and interest are paid in full.

   Borrower promises to make the total modified monthly mortgage payment of U.S. **$647.58**, beginning on the **1ST** day of **MARCH, 2019**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. Borrower's payment consists of payments for principal and interest of U.S. **$456.29**, plus payments for property taxes, hazard insurance, and any other permissible escrow items of US **$191.29**. Borrower understands that the modified monthly mortgage payment is subject to change if there is an increase or decrease in property taxes, insurance, or any other permissible escrow items. If on **FEBRUARY 1, 2049** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:
   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and
   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

4000404751

5. If the Borrower is currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding without reaffirming the mortgage loan debt, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by Lender to impose personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Subordinate Mortgage. In such case, this Agreement is entered into in the ordinary course of business between the Lender and the Borrower in lieu of pursuit of in rem relief to enforce the lien. This Agreement does not revive the Borrower's personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Subordinate Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage and Subordinate Note/Mortgage.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. Borrower agrees that any costs, fees and/or expenses incurred in connection with servicing the loan that may be legally charged to the account, but have not been charged to the account as of the Modification Effective Date, may be charged to the account at a later date and shall be the Borrower's responsibility to pay in full. For example, if the loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to the account as of the date the Modification Effective Date; Borrower will remain liable for any such costs, fees and/or expenses.

9. This Mortgage Modification is given in connection with the modification of an obligation secured by an existing mortgage, recorded in Official Records INSTRUMENT NO. 2009128514 BOOK 07286 PAGE 1660, Public Records of SEMINOLE COUNTY, Florida from the Mortgagor hereunder to the Mortgagee hereunder, or to the assignor of the Mortgagee hereunder. Pursuant to Section 199.145(4)(b), Florida Statutes, additional nonrecurring intangible tax is due on the amount of the obligation that exceeds the original mortgage principal balance. The original mortgage principal balance was $125,672.00. The principal balance of the new obligation secured by this Mortgage Modification is U.S. $84,997.53, which amount represents, as of the modification, the excess of the unpaid principal balance of the original obligation, plus accrued but unpaid interest.

In Witness Whereof, I have executed this Agreement.

_Toya Harper_                           _3/4/19_
Borrower: **TOYA HARPER N/K/A TOYA GILYARD CLARKE**       Date

[Space Below This Line for Acknowledgments]

**BORROWER ACKNOWLEDGMENT**

STATE OF FLORIDA
COUNTY OF Seminole

The foregoing instrument was acknowledged before me this _3-4-19_ by
**TOYA HARPER N/K/A TOYA GILYARD CLARKE** who is personally known to me or who has produced
_FLDL_ (type of identification) as identification. H616-857-73-504-0

_Monica Yates_
Signature of Notary Public
Print Name: _Monica Yates_

MONICA YATES
Commission # GG 219306
Expires September 16, 2022
Bonded Thru Budget Notary Services

4000404751

In Witness Whereof, the Lender has executed this Agreement.

**CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

By _____    _____    _____
                                (print name)                 Date
                                (title)

_____ [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _____    )
County of _____    )

On _____ before me _____ Notary Public, personally appeared _____, the _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

Signature _____
            Signature of Notary Public

4000404751

EXHIBIT A

BORROWER(S):  TOYA  HARPER N/K/A TOYA GILYARD CLARKE  A MARRIED WOMAN

LOAN NUMBER:  4000404751

LEGAL DESCRIPTION:

The land referred to in this document is situated in the STATE OF FLORIDA, COUNTY OF SEMINOLE, CITY OF SANFORD, and described as follows:

LOT 178 OF PRESERVE AT EAGLE LAKE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN
PLAT BOOK 69, PAGES 68 THROUGH 79, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.

Tax/Parcel No. 13-20-30-509-0000-1780

ALSO KNOWN AS: 634 OLD PINE CT , SANFORD, FLORIDA 32773

4000404751

## EXHIBIT B
## MORTGAGE SCHEDULE

Mortgage made by **TOYA HARPER, A MARRIED WOMAN AND BERNARD HARPER JR., HER HUSBAND** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MICHIGAN MUTUAL, INC.** for $125,672.00 and interest, dated **NOVEMBER 5, 2009** and recorded on **NOVEMBER 12, 2009** in **INSTRUMENT NO. 2009128514 BOOK 07286 PAGE 1660.**

Mortgage was made by **TOYA HARPER** to **BANK OF AMERICA, N.A.** for **$121,991.38** and interest, dated **JANUARY 9, 2012** and recorded **JUNE 17, 2013** in **INSTRUMENT NO. 2013080004 BOOK 08060 PAGE 0460.** Mortgage tax paid: **$0.00.**

4000404751

Date: FEBRUARY 25, 2019
Loan Number: 4000404751
Lender: CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT
OF BANK OF AMERICA, N.A.

Borrower: TOYA HARPER N/K/A TOYA GILYARD CLARKE

Property Address: 634 OLD PINE CT , SANFORD, FLORIDA 32773

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE
PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR,
CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or
before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes,
agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any
combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or
agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make
a financial accommodation.

Borrower: TOYA HARPER N/K/A TOYA GILYARD CLARKE

3/4/19
Date

4000404751

Date: **FEBRUARY 25, 2019**
Loan Number: **4000404751**
Lender: **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

Borrower: **TOYA HARPER N/K/A TOYA GILYARD CLARKE**

Property Address: **634 OLD PINE CT , SANFORD, FLORIDA 32773**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period .

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

Borrower: **TOYA HARPER N/K/A TOYA GILYARD CLARKE**          3/4/19   Date

4000404751